IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PACE AMERICAN, INC.,            )
                                )
           Plaintiff,           )
                                )
      vs.                       )   No. 06 C 4661
                                )
ELIXIR INDUSTRIES,              )
                                )
           Defendant.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff sued defendant, claiming that it had been overcharged over the years for aluminum coil it had purchased from defendant. The claims had some defects and we dismissed the complaint with leave to amend. Plaintiff did file an amended complaint. It claims that since 1996 it has purchased more than 34 million pounds of aluminum coil from defendant, that it paid by the pound, that unbeknownst to plaintiff the defendant wrongfully inflated the weight (and thus the cost) by including the weight of the fiber core, and that as a result it overpaid approximately $523,409. In Count I it alleges a breach of contract. In Count II it alleges unjust enrichment. Defendant again moves to dismiss. This time we deny the motion.

The motion is based on three grounds. Defendant contends that much of the claim is barred by a four-year statute of limitations. It also argues that plaintiff has failed to identify a contract provision allegedly breached. It contends further that the claim is barred by plaintiff's failure to provide notice of any shortage within 48 hours. And it renews its argument that plaintiff cannot sue for unjust enrichment when it is suing on a breach of contract, and it attacks that count on other grounds as well.

We are still at the pleading stage. Plaintiff alleges that it agreed to buy aluminum from defendant on a per pound basis, and that defendant overcharged plaintiff by overstating the weight. That, for now, is enough. *See* The Appendix of Forms, Federal Rules of Civil Procedure. Limitations is an affirmative defense. Plaintiff has not foreclosed, by its pleadings, a contention that the period was tolled by defendant's concealment of the overcharges. And, at least arguably, plaintiff's claim is not about shortages but about overcharges. Finally, this time plaintiff carefully segregated its background allegations from its contract and unjust enrichment counts. It is, therefore, a permissible alternative pleading in which plaintiff contends defendant received a benefit, payment for cores, which it was not entitled to receive and which should be returned.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 6, 2007.